

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3951
Re: Whether a district attorney
inducted into the United
States Army may continue to
receive his salary from the
State as district attorney.

     Your letter of September 16, submits to this department for an opinion a third question relating to the rights of the Honorable Frank W. Martin, District Attorney of the 24th Judicial District, as against the State for compensation and expenses as District Attorney during the time he is engaged in the active military service of the United States, having been inducted therein as a member of the National Guard of Texas. Previous opinions of this department upon this general subject are opinion No. 0-3456 and opinion No. 0-3773, both addressed to you.

     From information previously communicated to us, it appears that Mr. Frank W. Martin, District Attorney of the 24th Judicial District, Goliad, Texas, is a Lieutenant Colonel in the Texas National Guard, and, by order of the President of the United States, was inducted as such into the active military service of the United States on or about November 10, 1940. Your present inquiry is whether Mr. Martin would be entitled to his salary as District Attorney from the time he was inducted into the active military service of the United States down to March 27, 1941, the effective date of House Bill 765, Acts of the 47th Legislature.

     This question is answered by our opinion No. 0-3773, copy of which is enclosed herewith. Under the provisions of House Bill No. 427, Acts of the Regular Session, 42nd Legislature, which was in full force and effect during the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

period of time involved in your inquiry, Mr. Martin, as a member of the Texas National Guard while engaged as such in the active military service of the United States, in field or coast defense training, ordered or authorized under the provisions of law, is not entitled to compensation during the period of time he is so engaged except for a period of time not longer than twelve days during any one calendar year, such twelve day period to be in lieu of any and all other vacations with pay. As heretofore advised, Mr. Martin is entitled, of course, to compensation for those days when he is not absent from the discharge of his duties as District Attorney, and engaged in field or coast defense training.

The amendment of House Bill No. 427, Acts Regular Session 42nd Legislature, by House Bill No. 765 of the 47th Legislature, Regular Session, made no change in the law so far as its effect upon Mr. Martin is concerned. The only purpose of the amendment, and the only change made in the Act, was to relieve members of the Legislature from the restriction limiting leaves of absence with pay to twelve days in any one calendar year. The other provisions of the Act, as they apply to other officers and employees of the State of Texas and to any county or political subdivision thereof including manicipalities, were simply continued in full force and effect.

Yours very truly

APPROVED SEPT. 23, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By (s) R.W. Fairchild
R. W. Fairchild
Assistant

RWF:mp

APPROVED OPINION COMMITTEE BY BWB CHAIRMAN